<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| LUIS ERNESTO MERCHAN YUNGA,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>Respondents. | Case No. 2:26-cv-02598 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Luis Ernesto Merchan Yunga's ("Petitioner") second Petition for Writ of Habeas Corpus ("Petition"), arguing he received a constitutionally defective bond hearing and seeking immediate release from custody. (ECF No. 1.) Respondents filed a letter response (ECF No. 4), and Petitioner filed a letter reply (ECF No. 5). Having reviewed and considered the parties' submissions filed in connection with the Petition, and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), for the reasons set forth below and for good cause having been shown, the Petition is **DENIED**.

**I.      BACKGROUND**

Petitioner, a citizen of Ecuador, entered the United States without inspection in August 2016. (ECF No. 1 at 4.) On March 1, 2026, Petitioner was arrested by immigration officials. (*Id.* at 5.) Following Petitioner's arrest and detention by Immigration Customs and Enforcement ("ICE") officials, he was detained without an individualized bond hearing because he was being held in mandatory detention under 8 U.S.C. § 1225(b)(2). *See Merchan Yunga v. Borgen*, Dkt. No. 26-cv-2197 (BRM), ECF No 1.

1

On March 3, 2026, Petitioner filed his first petition for writ of habeas corpus arguing 8 U.S.C. § 1226(a), which authorizes release on bond after a hearing before an immigration judge ("IJ"), applied to his detention. *Id.* On March 4, 2026, this Court issued a Text Order finding Petitioner detained under § 1226(a), and ordering Respondents to provide Petitioner with "an individualized bond hearing . . . before an immigration judge [to] assess whether [Petitioner] presents a flight risk or a danger to the community." *Id.*, ECF No. 2. On March 11, 2026, Respondents informed the Court Petitioner was provided with an individualized bond hearing, where the IJ denied Petitioner bond, finding he had not meet his burden to show he was not a risk of flight. *Id.*, ECF No. 4.

On March 13, 2026, Petitioner filed the Petition challenging the legality of the bond hearing, arguing the hearing was defective. (*See generally* ECF No. 1.) Respondents filed a response, arguing Petitioner has failed to show his bond hearing was "fundamentally unfair." (*See* ECF No. 4.) Petitioner replied. (ECF No. 5.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on Petitioner to show he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

### III.    DECISION

In his Petition, Petitioner argues his bond hearing was constitutionally defective. (ECF No. 1 at 5–6.) Petitioner claims the IJ failed to properly weigh the evidence of community ties and improperly relied on a prior B-2 visa denial and an uninformed assessment of Petitioner's asylum application merits as dispositive evidence of flight risk. (*Id.* at 6.)

This Court lacks jurisdiction to review any discretionary determinations underlying the IJ's bond decision, but it can review whether the bond hearing was fundamentally unfair in violation of this Court's order. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). "In a fundamentally fair bond hearing, due process has three essential elements." *Ghanem*, 2022 WL 574624, at *2. The noncitizen "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Id.* (quoting *Kamara v. Att'y Gen.*, 420 F.3d 202, 211 (3d Cir. 2005)).

The Court has reviewed the bond hearing transcript and finds Immigration Judge Shana Chen ("Judge Chen") did not abuse her discretion in deeming Petitioner had not met his burden of proving he was not a flight risk. As noted above, Petitioner appeared before Judge Chen on March 10, 2026. Judge Chen concluded Petitioner failed to establish he was a flight risk and denied Petitioner bond. (*See generally* ECF No. 4-1 at 16–22.) Judge Chen provided Petitioner with a Spanish interpreter. (*Id.* at 20.) Judge Chen then heard argument from Petitioner's counsel regarding Petitioner's asylum application and protection under the Convention Against Torture ("CAT"). (*Id.* at 19.) Petitioner's counsel argued the fact he has a US citizen son supports he is not

3

a flight risk, in addition to the letters from his community and his recent pay stubs and taxes. (*Id.* at 18.)

Judge Chen noted although Petitioner has been in the country for approximately ten years, it is not clear what ties he has to the community aside from his son. (*Id.* at 20.) Judge Chen noted all of the letters in support of Petitioner focus on his relationship with his son but discuss Petitioner in "vague terms." (*Id.*) Additionally, although Petitioner entered the United States in 2016, he did not apply for asylum until he was recently detained. (*Id.*) Judge Chen also noted Petitioner entered the country without inspection after his application for a visitor visa was denied. (*Id.*) Judge Chen explained Petitioner had failed to comply with immigration laws all along. (*Id.*) Although Petitioner argues Judge Chen improperly considered the government's uninformed assessment of Petitioner's asylum application merits as dispositive evidence of flight risk, Judge Chen in fact noted on the record she was not giving that argument from the government much weight. (*Id.* at 21.) Judge Chen found Petitioner failed to meet his burden that he does not pose a flight risk. (*Id.*)

Petitioner's challenge to Judge Chen's findings is a challenge to the judge's credibility determination and weighing of the evidence, which are discretionary determinations beyond this Court's review. 8 U.S.C. § 1226(e); *see also Ghanem*, 2022 WL 574624, at *2 ("A motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order.") This Court does not express any opinion on whether Judge Chen came to the correct conclusion, but the record compels a finding that Petitioner received the individualized bond hearing as required under 8 U.S.C. § 1226(a) and 8 C.F.R. § 236.1(d)(1) that he was entitled to. Any challenge to Judge Chen's denial of bond must be presented to the Board of Immigration Appeals.[1]

---

[1] The Court notes it previously ordered the Government must treat Petitioner as subject to immigration detention only under 8 U.S.C. § 1226(a) unless and until Petitioner receives an

**IV.     CONCLUSION**

For the reasons set forth above, the Petition (ECF No. 1) is **DENIED**. An appropriate order

follows.


/s/ Brian R. Martinotti
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**


Dated: April 29th, 2026

---

administratively final order of removal. As such, Petitioner may file a request for a bond
redetermination before an immigration judge.